SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
ALTAGRACIA LOZANO,                                                              **VERIFIED COMPLAINT**

                                         Plaintiff,                             Index No.: 80**2**05 7/21 12

              -against-

ROBERT SOLOMON, M.D., LUCY PALOMINO, NP,
THIRD AVENUE RADIOLOGY & IMAGING, PC and
CLAIRMONT HEALTH CENTER,

                                         Defendants.
-----------------------------------------------------------------------X

        Plaintiff as and for her Verified Complaint respectfully alleges as follows:

        <u>**AS AND FOR A FIRST CLAUSE OF ACTION ON BEHALF OF PLAINTIFF**</u>

        1.      That on or about the 12th day of March 2019, the plaintiff, ALTGRACIA

LOZANO, was for the first time diagnosed with breast cancer.

        2.      That pursuant to Section 1 Paragraph 2 of Subdivision (g) of Section 203 of the

CPLR as amended and Section 2104-a of the CPLR as amended, this action is being timely

commenced as the said plaintiff was not aware that she had cancer until the aforesaid date of

March 12, 2019.

        3.      Upon information and belief, that at all times hereinafter mentioned, the

defendant, THIRD AVENUE RADIOLOGY & IMAGING, PC, was and is a professional

corporation duly organized and existing through and by virtue of the laws of the State of New

York.

        4.      Upon information and belief, that at all times hereinafter mentioned, the

defendant, THIRD AVENUE RADIOLOGY & IMAGING, PC, was the owner of a radiology

facility known as Third Avenue Radiology & Imaging, PC, located in the Borough of Bronx, City and State of New York.

5.      Upon information and belief, that at all times hereinafter mentioned, the defendant, THIRD AVENUE RADIOLOGY & IMAGING, PC, operated, managed, maintained and had care, control and custody of a radiology facility known as known as Third Avenue Radiology & Imaging, PC, located in the Borough of Bronx, City and State of New York.

6.      Upon information and belief, that at all times hereinafter mentioned, the defendant, CLAIRMONT HEALTH CENTER, was and is a domestic corporation, duly organized and existing through and by virtue of the laws of the State of New York.

7.      Upon information and belief, that at all times hereinafter mentioned, the defendant, CLAIRMONT HEALTH CENTER, was and is a professional corporation, duly organized and existing through and by virtue of the laws of the State of New York.

8.      Upon information and belief, that at all times hereinafter mentioned, the defendant, CLAIRMONT HEALTH CENTER, was the owner of a medical facility known as Clairmont Health Center, located in the Borough of Bronx, City and State of New York.

9.      Upon information and belief, that at all times hereinafter mentioned, the defendant, CLAIRMONT HEALTH CENTER, operated, managed, maintained and had care, control and custody of a hospital facility known as Clairmont Health Center, located in the Borough of Bronx, City and State of New York.

10.      Upon information and belief, that at all times hereinafter mentioned, the defendant, CLAIRMONT HEALTH CENTER, through their agents, servants and/or employees held themselves out as being duly competent and qualified to render medical care, attention and

treatment to the general public and for such purposes hired various physicians, nurses, orderlies, technicians and other personnel.

11.    Upon information and belief, that at all times hereinafter mentioned, the defendant, ROBERT SOLOMON, M.D., was and is a physician duly licensed to practice medicine in the State of New York.

12.    Upon information and belief, that at all times hereinafter mentioned, the defendant, ROBERT SOLOMON, M.D., held himself out as being duly competent and qualified to render medical care, attention and treatment to the general public.

13.    Upon information and belief, that at all times hereinafter mentioned, the defendant, ROBERT SOLOMON, M.D., was an employee of the defendant, THIRD AVENUE RADIOLOGY & IMAGING, PC.

14.    Upon information and belief, that at all times hereinafter mentioned, the defendant, ROBERT SOLOMON, M.D., was a member of the defendant, THIRD AVENUE RADIOLOGY & IMAGING, PC.

15.    Upon information and belief, that at all times hereinafter mentioned, the defendant, LUCY PALOMINO, NP, was and is a nurse practitioner duly licensed and authorized to practice said medical specialty pursuant to the laws of the State of New York.

16.    Upon information and belief, that at all times hereinafter mentioned, the defendant, LUCY PALOMINO, NP, held herself out as being duly competent and qualified to render nurse practitioner services to the general public.

17.    Upon information and belief, that at all times hereinafter mentioned, the defendant, LUCY PALOMINO, NP, was an employee of the defendant, CLAIRMONT HEALTH CENTER.

18.     That in or about 2015 the said Plaintiff ALTACRACIA LOZANO, presented to the said defendants, ROBERT SOLOMON, M.D. and/or LUCY PALOMINO, NP and/or THIRD AVENUE RADIOLOGY & IMAGING, PC and/or CLAIRMONT HEALTH CENTER, seeking medical care, attention and treatment.

19.     That in or about 2015, the said defendants, ROBERT SOLOMON, M.D. and/or LUCY PALOMINO, NP and/or THIRD AVENUE RADIOLOGY & IMAGING, PC and/or CLAIRMONT HEALTH CENTER, undertook to render medical care, attention and treatment to the said plaintiff, ALTAGRACIA LOZANO.

20.     That the said plaintiff, ALTAGRACIA LOZANO, remained under the continuous care and medical treatment of the said defendants, ROBERT SOLOMON, M.D. and/or LUCY PALOMINO, NP and/or THIRD AVENUE RADIOLOGY & IMAGING, PC and/or CLAIRMONT HEALTH CENTER, from in or about 2015 up to and including in or about 2019.

21.     That by reason of the aforesaid and the medical treatment rendered to the said plaintiff by the defendants herein, the medical condition of the said plaintiff was caused to the deteriorate and/or worsen resulting in severe and lasting injuries to her body as well as shock to her nervous system.

22.     That the aforesaid occurrence was caused solely and wholly through and by reason of the negligence of the said defendants, individually and/or wholly; the said plaintiff in no way contributing thereto.

23.     That the aforesaid occurrence was caused solely and wholly through and by reason of the negligence of the said defendants, individually and/or jointly in failing and neglecting to treat the said plaintiff in accordance with good and accepted medical customs, practices and standards; in failing and neglecting to properly and/or timely diagnose the true

nature and severity of the said plaintiff's medical condition; in failing and neglecting to perform the necessary and requisite diagnostic tests and/or procedures and/or in failing and neglecting to properly same; in failing and neglecting to obtain the necessary and requisite medical consultations; in causing, permitting, and/or allowing the medical condition of the said plaintiff to deteriorate and/or worsen; and that said defendant was otherwise negligent herein.

24.     That by reason of the aforesaid, this plaintiff has been rendered sick, sore, lame and disabled; that she suffers, has suffered and may in the future continue to suffer great pain; that she has been compelled to seek medical care, attention and treatment in an effort to see herself cured of her said injuries and may in the future be so compelled; that she has been required to expend various sums of money in an effort to see herself cured of her said injuries and may in the future be so required; that he has been confined to a hospital and to her home and bed for a period of time and may in the future be so confined; that she has been disabled from attending to her usual duties and activities and may in the future be so disabled; and that she has otherwise been damaged herein.

25.     That by reason of the aforesaid, this plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

26.     That this plaintiff repeats, reiterates and re-alleges each and every allegation contained in the first cause of action with the same force and effect as if it is fully set forth herein at length.

27.     That the said defendants failed and/or neglected to advised and/or inform the said plaintiff of all risks, hazards and dangers inherent in the medical treatment rendered to the said

plaintiff; that the said defendant failed to receive an informed consent therefore; that a reasonably prudent person in the plaintiff's position would not have undergone the treatment had she been fully informed and that the lack of informed consent is a proximate cause of the injury for which recovery is sought; and that said defendant was otherwise negligent herein.

28.     That by reason of the aforesaid, this plaintiff has been damaged in an amount that which exceeds the jurisdictional limits of all lower court which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants on the first cause of action in an amount which exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction; plaintiff demands judgment against the defendant on the second cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; together with the costs and disbursements of this matter.

Dated:   New York, NY
         February 11, 2021

ROSENBERG, MINC, FALKOFF & WOLFF, LLP

Peter D. Rosenberg
Attorneys for Plaintiff
ALTAGRACIA LOZANO
122 East 42nd Street, Suite 3800
New York, NY 10168
(212) 697-9280
Our File No. 31733-M